IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BETTY ROGERS, MICHELLE CARNEY,
and KEVIN ROGERS, Sole Surviving Heirs
of Johnny Dwayne Rogers, Deceased                    PLAINTIFFS

v.                                    CIVIL ACTION NO. 1:15-cv-00081-GHD-SAA

METROPOLITAN LIFE INSURANCE
COMPANY; QG PRINTING II CORP.;
QG PRINTING III CORP.; QG, LLC;
QUAD/GRAPHIC PRINTING CORP.;
GRUNER + JAHR PRINTING AND PUBLISHING
CO.; NOVINK (USA) CORP.; NOVINK PRINTING
(USA) II CORP.; WORLD COLOR (USA) CORP.;
WORLD COLOR PRINTING (USA) II CORP.; and
RINGIER AMERICA, INC.                    DEFENDANTS

MEMORANDUM OPINION GRANTING
DEFENDANTS' MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD OR,
ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT

Presently before the Court is a motion for judgment on the administrative record or,

alternatively, motion for summary judgment [17] filed by Defendants Metropolitan Life

Insurance Company; QG Printing II Corp.; QG Printing III Corp.; QG, LLC; Quad/Graphic

Printing Corp.; Gruner + Jahr Printing and Publishing Co.; Novink (USA) Corp.; Novink

Printing (USA) II Corp.; World Color (USA) Corp.; World Color Printing (USA) II Corp.; and

Ringier America, Inc. ("Defendants"). Plaintiffs Betty Rogers, Michelle Carney, and Kevin

Rogers ("Plaintiffs") have filed a response, and Defendants have filed a reply. The motion is

now ripe for review. Upon due consideration and for the following reasons, the Court finds that

the motion should be granted and the claims dismissed.

1

## A.     Factual and Procedural Background

On March 10, 2015, Plaintiffs filed a complaint in the Circuit Court of Alcorn County, Mississippi, alleging that Defendants had "willfully, negligently[,] and in bad faith wrongfully denied coverage and . . . refused to pay benefits for the life insurance policy that [Johnny Dwayne Rogers (the "Decedent")] paid on for thirty[-]plus years. [Defendant] Metropolitan Life Insurance Company acted in bad faith, breach of contract[,] and in violation of their own policy provisions."[1]

The following facts are not in dispute: During his lengthy employment with Defendants, the Decedent participated in various life insurance plans.[2]  On or about January 1, 2010, the Decedent elected the supplemental/optional coverage by and through his employer, Defendant World Color (USA) Corp. ("World Color"); Defendant Metropolitan Life Insurance Company ("MetLife") issued the subject group policy to World Color to fund life insurance, supplemental life insurance, dependent life insurance, accidental death and dismemberment insurance, and voluntary accidental death and dismemberment insurance under the World Color Group Life Insurance Plan (the "Plan").[3]  The Decedent's last day at work with World Color was June 25, 2010.[4]  The Decedent was approved for short-term disability benefits on or about July 9, 2010, and was approved for long-term disability benefits on or about January 7, 2011.[5]  The Decedent passed away on March 24, 2012.[6]

---

[1] Pls.' State Ct. Compl. [25-2] ¶ 20.

[2] Pls.' State Ct. Compl. [2] ¶ 15; Employer Defendants' Answer [8] ¶ 17.

[3] Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 2; Defs.' Reply Supp. Mot. J. Admin. R. or Mot. Summ. J. [27] at 2.

[4] Pls.' State Ct. Compl. [2] ¶ 17; Def. MetLife's Answer [6] ¶ 17; Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 2; Defs.' Reply Supp. Mot. J. Admin. R. or Mot. Summ. J. [27] at 2.

On April 29, 2015, Defendants timely removed the case to this Court on the alternative bases of federal question jurisdiction under 28 U.S.C. § 1331; the Employee Retirement Income Security Act, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"); diversity jurisdiction under 28 U.S.C. § 1332; and supplemental jurisdiction under 28 U.S.C. § 1367.[7] Subsequently, Defendants filed answers to the complaint.

Although Plaintiffs plead state law claims for bad faith denial of insurance benefits and breach of contract, the parties agree that the claims concern a plan arising under ERISA and are governed by ERISA.[8] This Court has federal question jurisdiction over the matter, as

> any suit within the scope of § 502(a)(1)(B), even ". . . though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the laws . . . of the United States,' 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)."

*See Ramirez v. Inter-Cont'l Hotels*, 890 F.2d 760, 762 (5th Cir. 1989) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987); *see also Metro. Life Ins. Co.*, 481 U.S. at 66 (referring to Congress's "clear intention to make § 502(a)(1)(B) suits brought by participants or beneficiaries federal questions for the purposes of federal court jurisdiction").

On September 21, 2015, Defendants filed the present motion for judgment on the administrative record or, alternatively, motion for summary judgment [17], wherein they present several arguments in support of dismissal of Plaintiffs' claims.

---

[5] *See* Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 2; Defs.' Reply Supp. Mot. J. Admin. R. or Mot. Summ. J. [27] at 2.

[6] Pls.' State Ct. Compl. [2] ¶ 18; Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 2; Defs.' Reply Supp. Mot. J. Admin. R. or Mot. Summ. J. [27] at 3.

[7] See Defs.' Notice of Removal [1] at 2; Joinder [3].

[8] *See* Defs.' Mot. J. Admin. R. or Mot. Summ. J. [17] ¶¶ 1–2; Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 1.

### B.    Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). *See* Fed. R. Civ. P. 56(a); *Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 561 (5th Cir. 2013). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *See id.* at 323, 106 S. Ct. 2548. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

It is axiomatic that in ruling on a motion for summary judgment "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tolan v. Cotton*, —— U.S. ——, ——, 134 S. Ct. 1861, 1863, 188 L. Ed. 2d 895 (2014) (per curiam) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)); *see, e.g., Ard v. Rushing*, 597 F. App'x 213, 217 (5th Cir. 2014) (per curiam) (quoting

*United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006) (on summary judgment, " '[w]e view the evidence in the light most favorable to the non-moving party' ")). The Court " 'resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.' " *Thomas v. Baldwin*, 595 F. App'x 378, 378 (5th Cir. 2014) (per curiam) (quoting *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quotation marks and citation omitted)). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " *Id.* (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

"[A] 'judge's function' at summary judgment is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.' " *Cotton*, 134 S. Ct. at 1866 (quoting *Anderson*, 477 U.S. at 249, 106 S. Ct. 2505); *see Stewart v. Guzman*, 555 F. App'x 425, 430 (5th Cir. 2014) (per curiam) (citing *Vaughn v. Woodforest Bank*, 665 F.3d 632, 635 (5th Cir. 2011) (In ruling on a summary judgment motion, "[w]e neither engage in credibility determinations nor weigh the evidence.")).

ERISA provides federal courts with jurisdiction to review determinations made under employee benefit plans. 29 U.S.C. § 1132(a)(1)(B). "Where, as here, 'a benefits plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan,' the administrator's decision is reviewed for abuse of discretion." *Napoli v. Johnson & Johnson, Inc.*, No. 14-31000, 2015 WL 5203002, at *2 (5th Cir. Sept. 8, 2015) (quoting *Anderson v. Cytec Indus., Inc.*, 619 F.3d 505, 512 (5th Cir. 2010) (internal quotation marks omitted)). "A plan administrator abuses its discretion if it acts 'arbitrarily or capriciously.' A decision is arbitrary and capricious only if it is 'made without a rational

connection between the known facts and the decision or between the found facts and the decision.' " *Truitt v. Unum Life Ins. Co. of Am.*, 729 F.3d 497, 508 (5th Cir. 2013) (internal citation omitted), *cert. denied*, 134 S. Ct. 1761 (2014). "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, this Court affirms an administrator's decision if it is supported by substantial evidence," which is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Cooper v. Hewlett–Packard Co.*, 592 F.3d 645, 652 (5th Cir. 2009) (internal quotation marks omitted). "Reviewing courts are limited to the administrative record and may inquire only 'whether the "record adequately supports the administrator's decision." ' " *Jenkins v. Cleco Power, LLC*, 487 F.3d 309, 314 (5th Cir. 2007) (quoting *Gooden v. Provident Life & Accident Ins. Co.*, 250 F.3d 329, 333 (5th Cir. 2001) (quoting *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 298 (5th Cir. 1999) (en banc))).

## C. Discussion and Analysis

Defendants' motion for judgment on the administrative record or, alternatively, motion for summary judgment presents the following arguments in support of dismissal: (1) Plaintiffs' complaint asserts state law claims that are preempted by ERISA; (2) Plaintiffs' case was filed outside the applicable three-year statute of limitations; (3) Plaintiffs failed to timely exhaust administrative remedies prior to filing suit; (4) the Defendants other than MetLife are employer defendants, who neither processed nor determined the subject claim for benefits, and thus are not proper parties to the action; and (5) MetLife did not abuse its discretion by reasonably concluding that the Decedent was not entitled to supplemental life continued protection/coverage, and thus, Plaintiffs were not entitled to supplemental/optional life insurance benefits under the terms and provisions of the Plan. For the reasons detailed below, the Court

finds that summary judgment is proper on the first three threshold arguments and does not reach the remaining two arguments.

### 1. Preemption of Parallel State Law Claims

First, Defendants argue that summary judgment is proper on Plaintiffs' state law claims because ERISA preempts such claims. Plaintiffs have offered no argument to the contrary.

Section 502(a) of ERISA provides: "A civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "ERISA's civil-enforcement scheme 'completely preempts any state-law cause of action that "duplicates, supplements, or supplants" an ERISA remedy.' " *Electrostim Med. Servs., Inc. v. Health Care Serv. Corp.*, 614 F. App'x 731, 737 (5th Cir. 2015) (per curiam) (quoting *Lone Star OB/GYN Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 529 (5th Cir. 2009) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004))). ERISA additionally provides that it "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "Claims of . . . breach of contract[] and [bad faith] denial of benefits, like [Plaintiffs'] claim[s] against [Defendants], certainly can be preempted by ERISA." *See Hollis v. Provident Life & Acc. Ins. Co.*, 259 F.3d 410, 415 (5th Cir. 2001). "Section 1144(a) bars state law causes of action when two elements are present: 1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and 2) the claims directly affect the relationship between the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Id.* at 414.

It is undisputed that Plaintiffs' state law claims concern the right to receive benefits under an ERISA plan and that the claims directly affect the relationship between traditional ERISA entities. Therefore, to the extent Plaintiffs have alleged parallel state-law claims in the case *sub judice*, those claims are preempted by ERISA and summary judgment is appropriate as to those claims. *See id.* at 416.

### 2. Statute of Limitations

Second, Defendants argue that summary judgment is proper on all claims, because Plaintiffs' filing of the action was outside the applicable statute of limitations.

The law is well established that "ERISA does not . . . specify a statute of limitations for filing suit under § 502(a)(1)(B)." *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 134 S. Ct. 604, 608, 187 L. Ed. 2d 529 (2013). "Because ERISA provides no specific limitations period, we apply state law principles of limitation." *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Employee Health Care Plan*, 426 F.3d 330, 337 (5th Cir. 2005) (citation omitted). In cases presenting wrongful denial of benefit claims, such as the case *sub judice*, the applicable statute of limitations is the three-year catchall statute of limitations found at Mississippi Code § 15-1-49, which provides that all actions without a specific period of limitation must be commenced within three years after the cause of action accrued. *See Jones v. Wal-Mart Stores, Inc.*, 1:06cv129, 2007 WL 2782880, at *2 (N.D. Miss. Sept. 24, 2007). "Where a plan designates a reasonable, shorter time period, however, that lesser limitations schedule governs." *Harris Methodist Fort Worth*, 426 F.3d at 337. In this case, the parties agree that the applicable statute of limitations is three years, as stated in Mississippi Code § 15-1-49, but dispute the date when the cause of action accrued.

Defendants maintain that the cause of action accrued on the date the ERISA claim was denied which, according to Defendants, was May 12, 2011, or at the latest, June 5, 2011. According to Defendants and as referenced in the administrative record, the Decedent submitted a Statement of Review for Group Life Insurance During Disability seeking a waiver of premium and continuation of supplemental life insurance coverage on March 4, 2011.[9]  Subsequently, Defendants maintain, as indicated in the administrative record, that MetLife formally denied Decedent's claim for continuation of supplemental life insurance coverage on May 12, 2011 by letter;[10] that, as demonstrated by the administrative record, Plaintiff Betty Rogers telephoned MetLife about the claim decision on May 23, 2011 and MetLife provided her with the denial decision and its rationale;[11] and that, as supported by the administrative record, because the initial denial-of-benefits letter was returned as not deliverable, MetLife mailed a subsequent letter advising Decedent of the denial of his claim on June 15, 2011.[12]  Therefore, Defendants maintain that the three-year statute of limitations ran on the claims at the latest on June 5, 2014. Because the initial complaint was filed on March 10, 2015, Defendants maintain the case was untimely filed and that all claims must be dismissed.

Plaintiffs argue in response that the cause of action accrued on the date of the Decedent's death, March 24, 2012.  It is undisputed that Plaintiffs filed a claim for life insurance benefits shortly after the Decedent's death and that MetLife subsequently denied the claim.[13]  Thus, Plaintiffs maintain that the denial of the claim occurred after Decedent's death on March 24,

---

[9] *See* R. at 113–14.

[10] *See* R. at 124–25.

[11] *See* R. at 107, 140.

[12] *See* R. at 126, 129–30.

[13] *See* Pls.' State Ct. Compl. [2] ¶ 19; Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 2.

2012, and that because the statute of limitations is three years from the date of denial of the claim for benefits, this suit was timely filed on March 15, 2015, just shy of the three-year limitations period.

"As a general matter, a statute of limitations begins to run when the cause of action accrues—that is, when the plaintiff can file suit and obtain relief." *Heimeshoff*, 134 S. Ct. at 610 (internal quotation marks and citation omitted). "Under ERISA, a cause of action accrues after a claim for benefits has been made and formally denied." *Harris Methodist Fort Worth*, 426 F.3d at 337; *see Hiemeshoff*, 134 S. Ct. at 610. Although Plaintiffs attempted to obtain benefits under the Plan after the Decedent's death, the administrative record makes clear that the initial denial occurred after the Decedent ended his employment with World Color and filed a claim for continuation coverage; as indicated above and in the administrative record, the claim denial letter was resent on June 15, 2011. Thus, the statute of limitations on Plaintiff's claim expired at the latest on June 15, 2014. Plaintiff filed this action on March 15, 2015, approximately nine months after the limitations period expired. Because Plaintiff did not file this action in a timely manner, the Court finds that the statute of limitations bars this action. *See, e.g., Jones*, 2007 WL 2782880, at *2; *Heagy v. Hartford Life Ins. Co.*, No. 1:05CV112-D-D, 2006 WL 1778921, at *4 (N.D. Miss. June 26, 2006). Accordingly, Defendants' motion for summary judgment must be granted on this additional basis.

### 3. Failure to Exhaust Administrative Remedies

Third, Defendants argue that summary judgment is proper on all claims for the additional reason that Plaintiffs failed to exhaust their administrative remedies by appealing the initial claim denial. Defendants maintain that the Plan provides that claims involving disability determinations in connection with life insurance appeals must be submitted within 180 days of

10

receipt of MetLife's decision, and that MetLife's letter of denial advised that an appeal could be made of MetLife's decision within this 180-day period. Defendants further maintain that Plaintiffs failed to submit an appeal of MetLife's decision, and that although Plaintiffs initiated some contact with MetLife concerning the claim denial, these contacts which consisted of questions concerning the Decedent's disability coverage and requests for a copy of the claim file and complaints made to the Mississippi Department of Insurance, do not constitute an appeal so as to exhaust administrative remedies. In sum, Defendants maintain that no appeal was taken, that Plaintiffs failed to exhaust their administrative remedies prior to filing suit, and thus that their claims are properly dismissed on this ground.

Plaintiffs agree that they formally failed to exhaust their administrative remedies, but argue in response that they tried numerous times to do what was necessary to exhaust their administrative remedies, including several attempts to contact MetLife to file claims and find out what was going on. Plaintiffs maintain that the fact that they did not follow some particular form should not be dispositive.[14]

The Fifth Circuit has consistently stated that "[a] claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits." *See Lacy v. Fulbright & Jaworski*, 405 F.3d 254, 256 (5th Cir. 2005) (citing *Hager v. Nations Bank N.A.*, 167 F.3d 245, 247 (5th Cir. 1999)).

The Fifth Circuit has further explained:

> With respect to the exhaustion requirement, we have recognized that "ERISA contains no exhaustion requirement whatsoever" but that "we [have] adopted the common law rule that a plaintiff generally must exhaust administrative remedies afforded by an ERISA plan before suing to obtain benefits wrongfully denied." A plaintiff must exhaust his remedies where "the grievance upon

---

[14] *See* Pls.' Mem. Br. Supp. Resp. Opp'n to Defs.' Mot. J. Admin. R. or Mot. Summ. J. [26] at 4.

which the lawsuit is based arises from some action of a plan covered by ERISA, and . . . the plan is capable of providing the relief sought by the plaintiff." More recently, we have more broadly required exhaustion, finding: "A claimant who is denied benefits under an ERISA plan must exhaust all administrative remedies afforded by the plan before instituting litigation for recovery of benefits."

*Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 285 (5th Cir. 2007) (per curiam) (internal footnotes and citations omitted). The Fifth Circuit has "recognized an exception to the exhaustion requirement where pursuit of administrative remedies would be futile or the reviewing committee is hostile or biased against the claimant." *Gaudet v. Sheet Metal Workers Nat'l Pension Fund*, 71 F. App'x 441, 2003 WL 21417518, at *1 (5th Cir. June 6, 2003) (per curiam).

The denial-of-benefits letters sent by MetLife to the Decedent explained that an appeal could be made of the claim denial within 180 days.[15] The administrative remedies afforded by the Plan at issue are detailed as follows:

> Appeals must be in writing and must include at least the following information:
>
> • Name of Employee
>
> • Name of the Plan
>
> • Reference to the initial decision
>
> • An explanation why you are appealing the initial determination
>
> As part of your appeal, you may submit any written comments, documents, records, or other information relating to your claim.[16]

---

[15] R. at 124–25.

[16] R. at 413.

In the case *sub judice*, Plaintiffs admit that neither they nor the Decedent followed the appeal procedures required by the Plan and, accordingly, that they failed to properly exhaust their administrative remedies prior to filing suit. Plaintiffs have additionally offered no evidence that pursuit of administrative remedies would have been futile or that MetLife would have been hostile to their claims or biased against them. *See Gaudet*, 2003 WL 21417518, at *1. Instead, Plaintiffs argue that their attempts to contact MetLife concerning the claim denial should be found to constitute an appeal for purposes of the exhaustion requirement. The Court finds this argument is not well taken. Because Plaintiffs have failed to demonstrate either that they exhausted administrative remedies prior to filing suit according to the terms of the Plan or that an exception to the exhaustion requirement applies, the case must be dismissed on this basis, as well.

### D.    Conclusion

In sum, because Plaintiffs' state law claims are preempted under ERISA, Plaintiffs filed this suit outside the applicable statute of limitations, and Plaintiffs failed to exhaust their administrative remedies prior to filing suit, Defendants' motion for judgment on the administrative record or, alternatively, motion for summary judgment [17] is GRANTED. No genuine issues of material fact remain on Plaintiffs' claims, and Defendants are entitled to judgment as a matter of law on all claims.

A separate order in accordance with this opinion shall issue this day.

THIS, the __10__ day of November, 2015.

                                                    _____
                                                    SENIOR UNITED STATES DISTRICT JUDGE